# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| United States of America, | Case No. 2:21-cr-00315-CDS-EJY |
| Plaintiff | **Order Denying Defendant Jason Pardo's Motion to Seal Exhibit A** |
| v. | |
| Jason Michael Pardo, | [ECF No. 85] |
| Defendant | |

In support of his sentencing memorandum, defendant Jason Pardo submits letters of support from his family. He seeks to have these letters filed under seal, citing concerns that they "contain private information that neither Mr. Pardo nor his family would like available on the public docket." ECF No. 85. He fails to highlight any portion of the letters that detail any private information that would meet the "compelling standard" for sealing, however.

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Comm'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). "A party seeking to seal a judicial record then bears the burden of overcoming this strong presumption [of public access to judicial records] by meeting the 'compelling reasons' standard." *Id.* (citing *Foltz v. State Farm Mutual Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Under this stringent standard, a court may seal records only when it finds "a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* at 1179 (internal quotation marks and citation omitted). There must be a "compelling reason" for sealing sufficient to outweigh the public's interest in disclosure. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1100 (9th Cir. 2016) (applying the "compelling reason" test to motions to seal documents "more than tangentially related to the merits of a case").

The mere reference to "private information" gives the court no guidance about the specific material Pardo seeks to have sealed. I find that this term, on its own, does not meet the compelling reasons standard. Further, after a review of the letters' content, I do not find a compelling reason for Pardo's exhibit to remain under seal. Thus, IT IS HEREBY ORDERED that defendant's motion to seal (ECF No. 85) is DENIED. The Clerk of Court is kindly instructed to strike the documents (ECF No. 86) from the docket.

However, as suggested in the defendant's motion, redaction could alleviate the need to seal the entire document. ECF No. 85 at 2. If redaction is sufficient to protect a document's sensitive information, then sealing is disfavored. *Chaker-Delnero v. Nevada Federal Credit Union*, 2:06-cv-00008-JAD-EJY, at *2 (D. Nev. July 28, 2021) ("[S]ealing documents is improper when confidential information can instead be redacted.") (citing *In re Roman Catholic Archbishop of Portland*, 661 F.3d 417, 425 (9th Cir. 2011)); *see also Jaramillo v. Area 15 Las Vegas LLC*, 2:21-cv-00891-RFB-BNW, at *12 (D. Nev. Mar. 8, 2022) ("Redaction is the Court's preferred method over sealing an entire document."). Therefore, the defendant is instructed to file redacted copies of the letters on the public docket.

DATED: September 11, 2023

_____
Cristina D. Silva
United States District Judge